IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| PAUL CASTONGUAY, | |
|---|---|
| Petitioner, | 8:20CV65 |
| vs. | |
| SCOTT FRAKES, Director of NDCS, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on initial review of Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] Filing No. 1. This matter will be dismissed without prejudice.

To put it mildly, Petitioner is a frequent filer. He seeks relief from a state-court conviction and sentence which he has unsuccessfully challenged numerous times before. *See Castonguay v. Tecumseh Institution*, no. 4:11CV3145, 2012 WL 1118420 (D. Neb., Apr. 3, 2012) (dismissing petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 with prejudice); *Castonguay v. Houston*, no. 4:13CV3094, 2013 WL 3167947 (D. Neb., June 20, 2013) (dismissing § 2254 habeas petition as successive); *Castonguay v. Department of Corr. Serv.*, et al., no. 4:15CV3004, Filing No. 10 (D. Neb., April 20, 2015) (dismissing § 2254 habeas petition as successive); *Castonguay v. Hansen*, 8:18CV413, Filing no. 7 (D. Neb., January 3, 2019) (dismissing action brought under Rule 60(b)).

---

[1] The court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

Although styled as § 2241 petition, I must construe the Petitioner's pleading as a § 2254 petition. *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (recognizing that, as a practical matter, individuals in custody pursuant to a State court judgment can only obtain habeas relief through § 2254). That being true, and given his prior litigation history, Petitioner must satisfy the requirement that he obtain permission from the Court of Appeals to file a second or successive petition.

Since he has not done so, I lack jurisdiction to consider his claims. 28 U.S.C. § 2244(b)(3); *Burton v. Stewart*, 549 U.S. 147, 152, (2007) (District court lacked jurisdiction to entertain state prisoner's habeas petition challenging his sentence since prisoner did not seek or obtain an order from the Court of Appeals authorizing him to file second or successive habeas petition).

Because "the detention complained of arises from process issued by a state court," Petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the petition for writ of habeas corpus, Filing no. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued. The court will enter judgment by separate document.

February 27, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Jud